## Jean Gates, Plaintiff-Appellee, v. William Gates, Defendant-Appellant.

### Gen. No. 11,664.

Second District, First Division.

January 18, 1963.

Alex J. Victor, of Rockford, for appellant.

No appearance or briefs filed for appellee.

SMITH, J.

Defendant-appellant invokes our jurisdiction to review a decree of the Circuit Court of Winnebago County denying his petition for change of venue and modifying a divorce decree, by increasing payments, while he and his counsel were present in court but stood mute. The decree is reviewed here on the record and the appellant's brief. Upon motion of appellant in this court an abstract of the very short record was dispensed with. The case was not argued orally nor did the appellee file a brief.

On April 10, plaintiff filed her petition to show cause as to arrearages and to modify the original decree by increasing payments. It was duly noticed for hearing on April 13 before Honorable William R. Dusher. On April 12, defendant filed his verified petition for change of venue, "because said Judge is prejudiced against him so that he cannot expect a fair trial by said judge," and that such prejudice came to the knowledge of the petitioner on April 2 in the Circuit Court Room Library. The report of trial proceedings shows the case called for hearing, a single short sentence by plaintiff's attorney stating the nature of the case and then the following:

> "The Court: 'Well I have had this up three or four times on the question of alimony. Motion for a change of venue. Cannot receive a fair and impartial hearing in this Court. Petition for change of venue heard and petition denied. Go ahead with the hearing.' "

447

Counsel for defendant then said, "We won't go ahead with the hearing." "The Court: 'You don't need to, but have him stay here until I get through with the hearing, because he may be going to jail.'" Then later: "You don't have to take part in the hearing. The second chapter is you can't appeal from the hearing." The hearing then conducted consists of conversations between the court, plaintiff and plaintiff's attorney. No testimony was taken or witnesses sworn.

■ The petition for change of venue conforms to the statutory provisions. Ill Rev Stats 1961, c 146, § 1. Its summary dismissal and the subsequent proceedings fathered only a judicial wood's colt now incarnate in the decree we review. It is vacuous and a nullity. "Where the application for change of venue is made on account of the prejudice of the trial judge, the statute gives no discretion, but such judge, if the petition is in proper form and duly verified, must grant the petition and allow the change of venue. After the petition is presented, the judge named therein has no power to render any further order therein, except such as may be made in connection with the one which allows the change of venue." Simpson v. Simpson, 165 Ill App 515, at 516; Davies v. Davies, 247 Ill App 313, at 314.

■ ■ Change of venue procedures are available in a proceeding for the modification of a divorce decree. Des Chatelets v. Des Chatelets, 292 Ill App 357, 11 NE2d 13. The judge may not inquire into or determine whether or not the allegation of prejudice is true. Mockler v. Thomas & Co., 273 Ill App 121. It is sufficient that the charge is made. The reason, philosophy and policy justifying the rule has been succinctly stated as follows: "It is unthinkable under our system of laws a defendant may be required to submit his liberty and his estate to the disposal of a trial judge who is solemnly charged with prejudice

against the accused." Daniel Boone Woolen Mills v. Laedeke, 238 Ill App 92 at 100; Wendt v. City of Elgin, 264 Ill App 433 at 441. This record is wholly devoid of the slightest intimation that the instant petition was not made in good faith. We can only conclude that the proceedings here reviewed are abortive of accepted judicial procedures and must be reversed.

The dismissal of the petition for a change of venue was improvident and the succeeding proceedings a nullity. Accordingly the cause is reversed and remanded with directions to the trial court to grant the change of venue and proceed anew.

Reversed and remanded.

McNEAL, P. J. and DOVE, J., concur.