Sam Minster, Plaintiff-Appellee, v. Teesah Minster, Defendant-Appellant.

Gen. No. 49,586.

First District, First Division.

November 30, 1964.

Stradford, Lafontant & Lafontant, of Chicago, for appellant.

No appearance made for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Respondent, Teesah Minster, appeals from a post-divorce decree order, which modified the decree and awarded custody of the minor daughter of the parties to petitioner, Sam Minster. Respondent contends that the trial court erroneously denied her petition for a change of venue. Petitioner, Sam Minster, has filed no appearance in this court.

The question presented is whether respondent's petition for change of venue met the statutory requirements of substance, timeliness and notice.

On September 28, 1950, a divorce decree was entered in the Superior Court of Cook County in favor of Teesah Minster and against Sam Minster. The

decree awarded custody of their minor child, Davida (now known as Deborah), to respondent.

On November 14, 1963, Sam Minster presented a petition for change of custody of Deborah, to Judge David A. Canel of the Superior Court of Cook County, in which it is alleged "that there has been a change in circumstances, so that the welfare of the child will best be served by living with her Father rather than living with her Mother," and that the child preferred to live with her father. Both parties appeared in court and were represented by counsel. An order was then entered which (1) denied the oral motion of respondent that the petition be transferred to Motion Judges Nathan Cohen or Herbert Friedlund, and (2) granted leave to file the petition instanter, with leave to respondent to plead to the petition within ten days, and the matter was set for hearing on December 4, 1963.

On December 4, 1963, at the hearing before Judge Canel of the petition for change of custody, respondent presented a verified petition for change of venue. The petition alleges that Judge Canel "is prejudiced against her, the petitioner, so that she cannot expect a fair trial by said judge; that said prejudice first came to the knowledge of this petitioner on November 21, 1963." The order entered on that date denied the petition for change of venue because it was "insufficient at law and not filed timely or notice given," and awarded custody of Deborah to her father, the petitioner, Sam Minster.

Respondent, Teesah Minster, contends that Judge Canel had no authority to hear the matter because Rule 12.4 of the Superior Court of Cook County provided that all motions, petitions, and applications made after the entry of a final order or decree in matrimonial matters shall be presented to the judge hearing divorce motions. She argues that

since Judge Canel was not assigned to hear divorce motions, he had no authority to hear the petition for change of custody, and it was therefore error for him to deny on November 14, 1963, her oral motion for transfer of the hearing on the change of custody petition to a judge assigned to hear divorce motions, and later, on December 4, 1963, to deny her verified petition for change of venue.

The venue statute gives an absolute right of change of venue to a petitioner, when his petition asserting the prejudice of the trial judge is duly made, verified, and filed in accordance with the statute. A change of venue is a substantial right of a litigant. The timeliness of a motion for a change of venue depends upon the stage of the proceedings in which it is presented. The petition must be offered at the earliest practical moment and if filed after a hearing has commenced on the merits of the case, it will be denied on the ground that it is filed too late. The purpose of this is to prevent a party from ascertaining the attitude of a judge on the issues of his motion and then asserting prejudice of a judge if his views are not in accord with those of the party. (Miller v. Miller, 43 Ill App2d 214, 215, 216, 193 NE2d 105 (1963).) Although a criminal case, we believe pertinent here the statement made in People v. Dieckman, 404 Ill 161, 164, 88 NE2d 433 (1949), that venue provisions "should receive a liberal, and not a strict, construction. Such statutes should be construed to promote rather than to defeat the right to a change of venue, especially where prejudice on the part of the judge is charged."

With the foregoing principles in mind, we believe the three statutory requirements of substance, timeliness and notice were met by the petition of respondent, Teesah Minster. As to substance,

431

the petition alleged prejudice on the part of the judge. As to timeliness and notice, respondent made an oral motion before Judge Canel, with all parties present, on November 14, 1963, for a transfer of the custody petition to a judge hearing post-divorce decree motions, which was denied. On December 4, 1963, she filed her verified petition for change of venue in open court, at which time issues had not been joined, the hearing had not begun, and less than three weeks had elapsed since the filing of the change of custody petition, and the judge had not ruled on any substantive issue in the case. Therefore, under the circumstances shown by this record, and as the petition for change of venue was in proper form when presented, and a child's welfare was at stake, the statutory notice provision should have been given liberal construction by the court, and respondent's petition for change of venue should have been granted.

For the reasons stated, the order denying the change of venue is reversed; the cause is remanded with directions to grant the petition for change of venue, and to vacate the change of custody order entered on December 4, 1963.

Reversed and remanded with directions.

BURMAN and KLUCZYNSKI, JJ., concur.