Ronald W. Smith, Plaintiff-Appellee, v. Dolores J. Smith, Defendant-Appellant.

Gen. No. 67–56.

Second District.

October 4, 1967.

Lasswell and Sodergren, of Geneva, for appellant.

Charles H. Atwell, of Aurora, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This appeal grew out of an uncontested divorce action wherein Roland W. Smith was plaintiff-appellee and Dolores J. Smith was defendant-appellant. A default decree for divorce was entered on March 12, 1965, against the defendant on the ground of adultery. It found the defendant an unfit mother and awarded to the plaintiff the permanent custody of two minor children of the par-

ties—Debra and Daniel, then about two and four years of age.

The marital difficulties leading to the divorce were unsavory in nature and caused the plaintiff to remove the children from the marital home on August 28, 1964. He concealed the presence of the children from the defendant, but prior to the service of summons on her, she learned of their whereabouts and took custody of them.

After service of summons, the defendant retained counsel and filed an answer and counterclaim on September 21, 1964. Henceforth, she pursued a bizarre course of conduct with reference to this proceeding. On September 24, 1964, the plaintiff served defendant's counsel with a copy of his petition for temporary custody of the children, with notice indicating that the petition was set for hearing the next morning. The notice was not served in adequate time to comply with the court rules for hearing at such time, but the court waived the rule because of the emergency nature of the matter, heard the petition in the absence of the defendant and her attorney, and awarded the plaintiff the temporary custody of the children.

The defendant failed to comply with this order and refused to respond to a rule to show cause for contempt entered by the court pursuant to plaintiff's petitions, notice of which were served upon her counsel. Even though she was aware that the court had awarded temporary custody of the children to the plaintiff and that rule to show cause why she should not be held in contempt of court for failure to comply with the court's custody order had been entered against her, she surreptitiously concealed the whereabouts of the children from the plaintiff and the court for a period of two years.

On November 4, 1966, the plaintiff located the children and secured their custody with the aid of a writ of attachment, which was served by the sheriff of Kankakee

County. On November 15, 1966, the defendant filed her petitions for change of venue and for modification of the divorce decree which awarded custody of the children to the plaintiff.

The trial court denied the petition for change of venue on November 19, 1966, and, after an extensive hearing, entered an order denying the petition for change of custody on February 8, 1967.

At the conclusion of the custody hearing, the trial judge, on his own motion, directed the defendant to show cause, if any she had, why she should not be held in contempt of court. Upon failure to show cause, the court found the defendant in direct contempt of court, sentenced her to serve 7 days in the Kane County jail—which she served—and no appeal has been taken from such judgment and sentence. The appeal herein is from the orders denying the change of venue and the modification of the decree pertaining to custody.

We will first consider the propriety of the trial court's denial of the defendant's petition for change of venue. It is conceded that the petition was in proper form. It was based on the prejudice of the trial judge against the defendant. On November 4, 1966, the plaintiff obtained custody of the children through a writ of attachment as aforesaid, and on November 15, 1966, the defendant filed her petitions for change of venue and for modification of the custody provisions of the divorce decree.

The decree for divorce, which was entered March 12, 1965, dissolved the bonds of matrimony existing between the parties, awarded the real estate jointly owned by the parties to the plaintiff, awarded complete custody of the children to the plaintiff, ordered the defendant to forthwith surrender the children to the plaintiff, and ordered that the defendant be held in contempt of court for failure to do so. The decree further ordered that attachment proceedings issue against defendant's body for failure to comply with previous orders of the court,

and that the plaintiff have access to such other writs or remedies, to be issued by the clerk, as may be required to implement and enforce the custody provisions of the decree.

██ It has long been the law that the Venue Act (Ill Rev Stats 1965, c 146) applies to any proceeding in any court in which the petitioner is seeking a remedy which the law affords. McPike v. McPike, 10 Ill App 332, 333, 334 (1882). In McPike, the court entered a divorce decree in 1878, and subsequent custody and alimony petitions were filed in 1880 and in 1881. When the petition last filed came on for hearing, the appellant filed her petition for change of venue based upon prejudice of the trial judge, which the trial court denied. The Supreme Court treated the custody and alimony petition as an independent action and, at pages 334 and 335, stated:

> "As we have said, the proceeding grows out of the suit for a divorce, and the decree therein rendered; yet it is none the less the demand of a right expressly awarded and given by the statute. It is a supplemental question, and we have no doubt but what appellant had a right to have that question determined by a judge who was not, as she believed, prejudiced against her. In civil cases, the granting of a change of venue is not discretionary. It is an absolute right, given the party making the application, if the papers are in compliance with the provisions of the statute."

██ McPike determined that a petition seeking post-decree relief in a divorce action is a suit within the Venue Act and such rule has been followed to this date. Minster v. Minster, 53 Ill App2d 428, 203 NE2d 446 (1964); Gates v. Gates, 38 Ill App2d 446, 448, 187 NE 2d 460 (1963); Des Chatelets v. Des Chatelets, 292 Ill App 357, 362, 11 NE2d 13 (1937).

25

■ The defendant's petition to modify the provisions of the divorce decree relative to the custody of the children was founded on her statutory right under section 18 of the Divorce Act (Ill Rev Stats 1965, c 40, par 19). The petition pertains to a supplemental question; namely, whether there has been a change in circumstances since the divorce decree, affecting the welfare of the child or children, which would warrant a modification of the custody provisions of such decree. Eggemeyer v. Eggemeyer, 86 Ill App2d 224, 229 NE2d 144 (1967). Such petition, for the purpose of the Venue Act, was a new suit or proceeding.

■ In the light of the circumstances heretofore related, it would require the utmost in judicial restraint, understanding, compassion and forgiveness to withstand the prejudicial effect of the defendant's conduct. Undoubtedly, she realized that in her zeal to retain the custody of the children, she had transgressed all bounds of propriety in her relationship with the court, and particularly with the presiding trial judge. And, even though her conduct was reprehensible, the defendant had the right to have the custody issue, presented by her petition, heard and determined by a judge who was not, according to her belief, prejudiced against her.

■ The petitions for modification of the divorce decree and for change of venue were filed on the same day. The venue petition was timely and notice thereof was served on the plaintiff who filed an answer thereto. The petition alleged that the prejudice of the trial judge came to defendant's knowledge on November 4, 1966, the day the custody of the children was obtained by the plaintiff through the writ of attachment.

In Minster v. Minster, supra, at page 431, the court stated:

"The venue statute gives an absolute right of change of venue to the petitioner, when his petition

asserting the prejudice of the trial judge is duly made, verified, and filed in accordance with the statute. A change of venue is a substantial right of a litigant. The timeliness of a motion for a change of venue depends upon the state of the proceedings in which it is presented. The petition must be offered at the earliest practical moment and if filed after a hearing has commenced on the merits of the case, it will be denied on the ground that it is filed too late. The purpose of this is to prevent a party from ascertaining the attitude of a judge on the issues of his motion and then asserting prejudice of a judge if his views are not in accord with those of the party. (Miller v. Miller, 43 Ill App2d 214, 215, 216, 193 NE2d 105 (1963).) Although a criminal case, we believe pertinent here the statement made in People v. Dieckman, 404 Ill 161, 164, 88 NE 2d 433 (1949), that venue provisions 'should receive a liberal, and not a strict, construction. Such statutes should be construed to promote rather than to defeat the right to a change of venue, especially where prejudice on the part of the judge is charged.' "

In the case at bar, the petitioner had not appeared before the trial judge in connection with her custody petition at the time she filed her petition for change of venue. She had made no effort to ascertain his attitude on the issues of said petition, but rather, filed her petition asserting the prejudice of the judge, contemporaneously with the filing of her petition for change of custody of the children. Her request was made at the earliest possible moment. See: Swanson v. Randall, 30 Ill2d 194, 198, 195 NE2d 656 (1964); Stahelin v. Board of Education, 87 Ill App2d 28, 230 NE2d 465 (1967).

By virtue of our determination on the venue issue, we do not reach the question of the trial court's ruling on the custody petition. For the reasons stated, the order

denying the change of venue is reversed; and the cause is remanded with directions to grant the change of venue, and to vacate the order denying the petition for change of custody entered February 8, 1967; and that thereafter, a hearing be held on said petition, or such amended petition as the defendant may seek to file herein, relative to the custody of said children.

Reversed and remanded with directions.

MORAN and ABRAHAMSON, JJ., concur.