258

BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT NO. 201, Appellee, v. MORTON COUNCIL, WEST SUBURBAN TEACHERS UNION, LOCAL 571, *et al.,* Appellants.

*Opinion filed January 28, 1972.*

LIGTENBERG, DEJONG and LEAHY, of Chicago, for appellants.

RICHARD F. MC PARTLAN JR., of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Cause No. 42889 involves the appeal of 64 teachers employed by Township High School District No. 201 from orders entered by the circuit court of Cook County adjudging each of them guilty of wilful contempt for refusing to comply with a temporary restraining order previously entered by the court. In Cause No. 43408 defendant, Norman Simone, president of Morton Council, West Suburban Teachers Union Local No. 571, hereafter called the union, and the union, appeal from an order adjudging them guilty of wilful contempt for refusal to comply with the temporary restraining order. In compliance with the motion and stipulation of the parties we

have consolidated the cases for consideration and opinion.

Township High School District No. 201 operates Morton East High School in Cicero and Morton West High School in Berwyn. In the two schools, comprising grades 9 through 12, the student enrollment is approximately 6900 and the Board of Education employs 378 teachers and approximately 200 other employees. The defendant union has been certified as the collective bargaining representative for the certificated personnel of the district, except for administrators and supervisors.

Between February 24, 1969, and August 29, 1969, the Board of Education and the union negotiating team had met on numerous occasions in an unsuccessful effort to agree upon salaries and other terms of the teachers' employment for the 1969-70 school year. The Board had scheduled a teachers' institute for September 2 and classes were to commence on September 3. On September 2, defendant Simone sent Dr. James Moon, superintendent of schools of District No. 201, a telegram informing him that the teachers had voted to refuse to begin the school year until a satisfactory contract was agreed upon and advising him that "the union stands ready to resume negotiations at any time." Approximately 100 of the 378 teachers employed by the District reported for duty. Many of the teachers who did not report for duty formed picket lines at both of the schools operated by the District. This situation continued until September 9 when the Board filed its complaint for injunction.

Named as defendants in the complaint are the union, defendant Simone, 13 additional individuals who with Simone comprised the officers and negotiating committee of the union and "those persons listed on exhibit 1 attached hereto." Exhibit 1 is a list of 234 teachers which includes all but 7 of the 64 appellants.

On September 9, 1969, plaintiff's counsel gave notice by mail to all but one of the 14 named defendants of plaintiff's intent to appear in the circuit court of Cook

County on September 11 and seek the issuance of a temporary injunction. On September 11 defendants' counsel entered the appearance of the defendant union and the 14 named defendants, and filed a "petition for change of judges" which states:

"Now comes Norman Simone for and in behalf of himself and teachers represented by the Morton Council of the West Suburban Teachers Union, Local 571, AFT and petitions the Honorable Daniel A. Covelli to disqualify himself as judge in the above captioned cause and in support thereof defendant Norman Simone states as follows:

1. That he is informed that the above captioned case has been assigned to Judge Daniel A. Covelli.

2. That he believes that Daniel A. Covelli is prejudice [sic] against him and other teachers and that said defendant and other teachers will not be able to receive a fair trial."

The petition was signed and verified by defendant Simone, and signed by defendants' counsel.

When the motion for temporary injunction was called up for hearing, defendants' counsel presented the petition for change of judges. None of the defendants enumerated in exhibit 1 had been served with process, and counsel, for reasons not here material, did not enter their appearance at that time. The court denied the petition for change of judges, denied a motion for continuance and proceeded with the hearing. Following the hearing the court entered a temporary restraining order restraining the union, the 14 named defendants, and the 234 teachers named in exhibit 1 from continuing the strike and the picketing. The following day the restraining order was served on teachers picketing at the two schools. On September 16, the Board presented its petition for a rule to show cause why 106 of the teachers should not be held in contempt for violating

the temporary restraining order. On the same day defendants filed a petition for change of judges signed by 185 teachers, including 95 of the 106 named in the petition for a rule to show cause. The petition for change of judges was denied and hearings on the contempt charges were held on November 4, 5, 6, and 7. The proceedings were dismissed as to 42 teachers, 64 were found guilty of contempt, and this appeal followed.

The parties have briefed and argued a number of questions but we find it necessary to consider only one of them.

Defendants contend that the first petition for change of judges met the requirements of the statute and its denial was error. Plaintiff contends that the petition was insufficient in that it did not comply with section 9 of the Venue Act (Ill.Rev.Stat. 1969, ch. 146, par. 9) which provides in part: "When there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of at least three-fourths of the parties, plaintiff or defendant, as the case may be ***."

The provisions of the Venue Act, particularly where prejudice on the part of the judge is charged, are to be liberally construed in order to effect, rather than defeat, a change of venue. *(People v. Kostos, 21 Ill.2d 451; People v. Chambers, 9 Ill.2d 83.)* At the time of the denial of the petition for change of judges, the union and all 14 individual defendants had entered their appearances and were represented by the attorneys who filed the petition. Under the circumstances it was obvious that all of the defendants who had appeared were included in the group described in the petition and had consented to the petition. The colloquy between court and counsel shows clearly that only the brevity of the time between the giving of notice and the time set for the hearing prevented the obtaining of the signatures of all of the defendants then before the court. The court erred in denying the petition

and any orders entered thereafter are void. *People v. Davis, 19 Ill.2d 430.*

For the reasons stated the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*