DAWN ROSENBLUM, f/k/a Dawn Murphy, Plaintiff-Appellant, *v.* EDWARD R. MURPHY, Defendant-Appellee.

First District (5th Division) No. 76-178

Opinion filed October 8, 1976.

Arthur Rosenblum, of Chicago, for appellant.

McCarthy & Toomey, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order which denied a petition for change of venue and modified certain portions of a divorce decree. A cross-appeal has also been filed from that portion of the order refusing to modify other provisions of the decree. Inasmuch as this cause must be reversed because of the improper denial of a timely motion for change of venue, we will only highlight the convoluted proceedings leading up to the order.

The marriage of the parties was terminated June 21, 1966, in an uncontested divorce in which an amended decree awarded custody of three minor children to plaintiff-mother and provided, *inter alia*, that the defendant-father pay for the children's parochial or religious school education, dental and orthodonture expenses, and $20 per week support of each child. In July of 1973, plaintiff petitioned to require defendant to pay parochial school expenses for the three children and to reimburse her for certain orthodonture expenses incurred for one of the children. It appears that one child had attended parochial school during the previous year, and his tuition was partially paid by defendant, with the balance having been paid by plaintiff's second husband. The other two children had attended public schools prior to this time.

At the conclusion of the hearings on the petition, an order was entered on July 24, 1973, requiring defendant to pay one-half of the parochial school expenses—that is, $603 per year for each child, the children's stepfather having voluntarily offered to pay the balance of this expense.

Defendant was also ordered to pay $700 of the $1,200 orthodonture expense of the one child.

No appeal was taken from the order of July 24, 1973, but defendant, nonetheless, refused to comply. Thereafter, on October 16, 1973, plaintiff petitioned for a rule to show cause, and defendant was held in contempt and sentenced to 30 days in the House of Correction for his noncompliance. The judge ordering commitment had not previously acted on any matter involving the parties.

Two days later, defendant was released when the parties and their attorneys appeared before the same judge and informed him that a settlement had been reached wherein defendant paid a portion of the accrued parochial school expense and agreed to pay $35 per week thereafter. At the closing of the hearing, plaintiff's attorney, who was her second husband, asked the court to admonish defendant to comply with the orders of court. The judge and defendant then had a conversation in chambers and, upon their return to the courtroom, the judge stated that he was going to give defendant relief from the prior order and that he would help defendant obtain the necessary forms to change the existing decree and orders.

About a month later, defendant presented a petition to the same judge which, although entitled a "motion to modify," prayed for the vacation of certain provisions of the 1966 decree relating to parochial or religious school expense, orthodonture expense, support and visitation rights. Plaintiff responded by filing a sworn petition for change of venue, alleging bias on the part of the judge, and a motion to strike defendant's petition on the ground that the issues raised were res judicata.

Thereafter, before any hearing or other action on defendant's petition, the motion for change of venue was denied on June 14, 1974, the judge stating that he had made prior substantive rulings in the case by ordering a rule to show cause and by ordering defendant's commitment and subsequent release. He granted the motion to strike, however, on the ground that the petition sought to vacate provisions of the decree and that he had no jurisdiction to do so. Defendant then filed another petition, seeking modification rather than vacation of the same provisions of the decree, and plaintiff once more filed a petition for change of venue and a motion to strike.

On June 21, 1974, the same judge again denied plaintiff's motion for change of venue and also denied the motion to strike. An answer was then filed and, after a hearing, an order entered on October 16, 1975, was in part as follows:

> "That the decretal provisions providing for the payment by the father for the parochial school education of the children, be set

aside and held for naught, and he is not obligated to pay the same."

Plaintiff appealed from that portion of the court's order and also from the order denying her petitions for change of venue. Defendant cross-appealed from the denial in the same order of the request in his petition for relief from the orthodonture and child support requirements.

OPINION

Section 1 of the Venue Act (Ill. Rev. Stat. 1973, ch. 146, par. 1) provides: "A change of venue in any civil action may be had in the following situations:

\* \* \*

(2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because \* \* \* the judge is prejudiced against him, or his attorney \* \* \*. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties."

Section 3 of the Act requires that the petition be presented "before trial or hearing begins and before the judge to whom it is presented has ruled on substantial issue in the case \* \* \*." Ill. Rev. Stat. 1973, ch. 146, par. 3.

■■ Under the Venue Act, a petition to modify the provisions of a divorce decree constitutes a new suit or proceeding. (*Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 340 N.E.2d 68; *Smith v. Smith* (1967), 87 Ill. App. 2d 21, 230 N.E.2d 474; *Minster v. Minster* (1964), 53 Ill. App. 2d 428, 203 N.E.2d 446; *Gates v. Gates* (1963), 38 Ill. App. 2d 446, 187 N.E.2d 460.) This being so, on each occasion that defendant filed his petition to modify the provisions of the decree, a new and separate proceeding was commenced for purposes of the Venue Act. The record discloses that plaintiff presented a motion for change of venue after each petition was filed and before any hearings or rulings thereon. Thus, we believe that each of plaintiff's motions were timely filed, as required by section 3 of the Venue Act.

The rule is well settled that a right to a change of venue due to prejudice of a judge is absolute if the requirements of the statute are met (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129), and that where a court errs in denying a petition, any orders entered thereafter are void (*Board of Education v. Teachers' Union Local 571* (1972), 50 Ill. 2d 258, 278 N.E.2d 769; *Anderson*).

■■■ In the instant case, no objection is raised by defendant to the motions of plaintiff for change of venue other than the contention that they were untimely. Since we have held to the contrary above and because it appears that the motions otherwise met all requirements of the

Venue Act, we conclude that the court erred in not granting them. (*Anderson.*) In view thereof, any action of the court after denial of the motions was without legal effect. (*Teachers' Union Local 571.*) Having reached this conclusion, there is no need to address the other issues raised in the appeal or the cross-appeal.

For the reasons stated, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded for new trial, with directions.

LORENZ, P. J., and BARRETT, J., concur.