(No. 58524.—

*In re* MARRIAGE OF RICKI S. KOZLOFF, Appellant, and DONALD E. KOZLOFF, Appellee.

*Opinion filed April 4, 1984.*

SIMON, J., took no part.

Donald C. Schiller, David B. Yavitz, and Terry J. Finman, of Schiller, Du Canton & Fleck, Ltd., of Chicago, for appellant.

Michael W. Pinsof and Richard A. Wolfe, of Wolfe & Polovin, of Chicago, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

A judgment dissolving the marriage of Donald and Ricki Kozloff was entered in the circuit court of Cook County on July 8, 1980. This appeal concerns that court's subsequent denial of Donald's petition for a modification of the maintenance provisions of the decree and his motion for a change of venue on that petition. The appellate court held, in a Rule 23 order (87 Ill. 2d R. 23), that the denial of the motion for change of venue was improper, and remanded the cause for a hearing on the petition for modification before a different judge (113 Ill. App. 3d 1161). We granted Ricki's petition for leave to appeal.

The dissolution decree incorporated a separate property settlement agreement between the parties whereby Donald promised to pay Ricki $186,000 in unallocated

maintenance and child support at the rate of $3,100 per month for 60 consecutive months. The incorporated agreement further provided that the payments would be "non-modifiable and defeasible only upon [the] death of [the] wife." Shortly after the judgment of dissolution was entered, the parties began filing a series of post-decree petitions and motions, most of which concerned Donald's visitation privileges. Almost all of these were heard or ruled upon by Judge Marion E. Burks.

On December 12, 1981, Ricki remarried and on January 4, 1982, Donald filed a petition to modify the decree, contending that Ricki's remarriage terminated his obligation to pay maintenance. When Donald failed to make the January payment, Judge Burks entered an order on January 20, pursuant to Ricki's motion, setting a date for Donald to appear and show cause why he should not be held in contempt. Donald then moved for a change of venue on January 22, alleging the prejudice of Judge Burks. The motion was denied on January 26, and Donald was ordered to make the January payment or be held in contempt.

On February 18, apparently in an attempt to avoid Judge Burks, Donald voluntarily dismissed his petition for modification, and, on March 1, filed a virtually identical petition which was docketed before another judge. After the second petition was reassigned to Judge Burks on Ricki's motion, and Donald's motion for transfer to a different judge was denied, he again moved for a change of venue. Judge Burks denied the motion and, on March 31, denied his petition for modification, and Donald appealed. Only the denial of the second petition for modification and second motion for change of venue are before us.

Relying on its prior decisions (see *Rosenblum v. Murphy* (1976), 42 Ill. App. 3d 1029; *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356), the appellate court ruled

that each post-decree petition constituted a new proceeding for venue purposes, and that "An Act to revise the law in relation to change of venue" (Ill. Rev. Stat. 1981, ch. 110, par. 501 *et seq.* (now section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1001))) entitled Donald to a change of venue as of right on each petition so long as the judge had not made a substantive ruling thereon. The court concluded that Judge Burks should have allowed the change of venue, since no substantive ruling had been made on the petition to modify, and therefore his order denying the modification was void.

The right to a change of venue is absolute where a motion alleging prejudice of the judge is filed before trial or hearing and before the judge presiding in the case has made any substantial ruling. (Ill. Rev. Stat. 1981, ch. 110, pars. 501, 503, now Ill. Rev. Stat. 1981, ch. 110, pars. 2—1001(a)(2), (c)); *County of Du Page v. E & E Hauling, Inc.* (1977), 67 Ill. 2d 390, 391.) Ricki argues that the several substantive rulings Judge Burks had made on the parties' prior petitions and motions precluded a change of venue on the petition for modification. Donald relies on the cases cited by the appellate court which hold that a petition to modify a dissolution decree constitutes a new action and, therefore, a ruling on one petition will not preclude a change of venue on another. See *Rosenblum v. Murphy* (1976), 42 Ill. App. 3d 1029, 1032; *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 365; accord *Smith v. Smith* (1967), 87 Ill. App. 2d 21, 26; *Gates v. Gates* (1963), 38 Ill. App. 2d 446, 448.

We cannot accept the appellate court position, because in our judgment it would lead to a serious abuse of the venue act. This court has long condemned a litigant's attempt to seek a change of venue after he has formed an opinion, based upon the court's adverse rulings, that

the judge may be unfavorably disposed towards his cause. (*People v. Taylor, Robert* (1984), 101 Ill. 2d 508; *Hildebrand v. Hildebrand* (1968), 41 Ill. 2d 87, 90; *People v. Chambers* (1956), 9 Ill. 2d 83, 89; *Richards v. Greene* (1875), 78 Ill. 525, 528.) Under the appellate court rule, however, a change of venue can be sought on any post-decree petition if the litigant is dissatisfied with the judge's prior rulings on other, related petitions despite the fact that all of the petitions emanate from the same dissolution proceedings. Too, if after one change of venue on a particular petition the litigant is still unhappy, he could replace the second judge simply by voluntarily dismissing his petition and refiling a substantially similar petition and another motion for change of venue. The venue act's prohibition against more than one change of venue (Ill. Rev. Stat. 1981, ch. 110, par. 508, now Ill. Rev. Stat. 1981, ch. 110, par. 2—1002) would be rendered meaningless since, under the appellate court rule, the second petition would constitute a new proceeding. (See Ill. Ann. Stat., ch. 110, par. 2—1002, Historical and Practice Notes, at 185 (Smith-Hurd 1983).) Taken to its logical extreme, a resourceful litigant could repeat the process until he found a judge he considered sympathetic to his cause. Obviously, such maneuvering is anathematical to the efficient use of judicial resources. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 255; see, too, *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120.) Accordingly, we hold that post-decree petitions do not constitute new actions, but merely continuations of the dissolution proceeding, and a substantive ruling on one petition will preclude a change of venue as of right on another. Our conclusion finds support in the decisions of other jurisdictions. (*In re Marriage of Billings* (Mont. 1980), 616 P.2d 1104; *Nimmer v. Nimmer* (1979), 203 Neb. 503, 279 N.W.2d 156; *Campbell v. Campbell* (Miss. 1978), 357 So.

2d 129.) Of course, there is always a right to a change of venue, even after a substantial ruling, if actual prejudice can be demonstrated (Ill. Ann. Stat., ch. 110, par. 2—1001, Historical and Practice Notes, at 142-43 (Smith-Hurd 1983); *Rosewood; Wier v. Isenberg* (1981), 95 Ill. App. 3d 839, 846), provided the motion is made at the earliest practical moment after the prejudice is discovered (*People v. King* (1973), 54 Ill. 2d 291, 297).

It follows that a judge's substantive ruling during the dissolution proceeding will preclude a change of venue as of right on a post-decree petition before that same judge. As sometimes occurs, however, the judge assigned to hear a post-decree petition or motion may not be the same judge who presided at the dissolution proceeding, or different judges may hear different post-decree matters at different times. Section 2—1001(c) of the Code of Civil Procedure provides that a motion for change of venue will be allowed unless *"the judge to whom it is presented* has ruled on any substantial issue in the case." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—1001(c).) Thus, the assignment of a different judge at any point in the proceedings entitles the parties to a change of venue as of right if that judge has not made a substantial ruling in the case. In this case, while Judge Burks did not preside at the dissolution proceeding, he had made numerous rulings on other petitions and motions before Donald moved for a change of venue. Since these post-decree matters are to be regarded as part of the same proceeding, Donald did not have an absolute right to a change of venue and his motion was properly denied.

We consider next the propriety of Judge Burks' denial of Donald's petition for modification. Although the settlement agreement stated that it would be nonmodifiable, Donald contends that the clause is unenforceable as a violation of public policy. Section 510(b) of the Illi-

nois Marriage and Dissolution of Marriage Act, in effect at the time the parties entered into the agreement, provided that "[t]he obligation to pay future maintenance is terminated upon *** the remarriage of the party receiving maintenance ***." (Ill. Rev. Stat. 1979, ch. 40, par. 510(b).) In 1981 the General Assembly added to the provision the phrase: "[u]nless otherwise agreed." (Ill. Rev. Stat. 1981, ch. 40, par. 510(b).) Donald argues that the absence of this language from the former provision indicates that, prior to 1981, the legislature must have intended the termination of maintenance payments upon the recipient's remarriage regardless of an agreement to the contrary. He cites several appellate court cases which support that conclusion. *In re Marriage of Lowe* (1981), 101 Ill. App. 3d 317; *Warren v. Warren* (1980), 88 Ill. App. 3d 543; *In re Marriage of Bramson* (1980), 83 Ill. App. 3d 657.

We believe a more convincing interpretation of section 510(b) was offered in *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, the most recent case to address the issue. The *Mass* court held that the addition of the language "unless otherwise agreed" in section 510(b) was not intended to change the law but, rather, was intended to clarify existing law. The court supported its determination by reference to section 502 of the Act, which seems to eliminate any question about the legislature's pre-1981 intent. Section 502(f), in effect at the time the parties entered into the agreement, provides that separation agreements may "expressly preclude or limit modification of terms set forth in the judgment ***." (Ill. Rev. Stat. 1979, ch. 40, par. 502(f).) Section 510(a), also in effect at the time the parties entered into the agreement, states that any judgment respecting maintenance may be modified "[e]xcept as otherwise provided in paragraph (f) of Section 502 ***." (Ill. Rev. Stat. 1979, ch. 40, par. 510(a).) Since these provisions, in

our judgment, clearly enable parties to enter into separation agreements which may call for maintenance payments beyond the recipient's remarriage, it would be unrealistic to presume that the legislature intended the opposite result under section 510(b). We therefore agree with the *Mass* court that the addition of the words "unless otherwise agreed" could only have been intended to clarify existing law. Although this court stated in *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 372, that "an attempt in a decree to prohibit its future modification is ineffective," we expressly based our decision on the 1973 Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 1 *et seq.*) which was in effect at the time the decree in question there was entered. Because a provision similar to the present section 502 did not exist in the 1973 act, the statement in *Lamp* does not affect today's decision. We accordingly hold that the clause in the agreement prohibiting its modification was effective, and the denial of the petition for modification was proper.

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE SIMON took no part in the consideration or decision of this case.