# Illinois Official Reports

## Appellate Court

---

### *Bowman v. Ottney*, 2015 IL App (5th) 140215

---

| | |
|---|---|
| Appellate Court Caption | CONNIE L. BOWMAN, Special Administrator of the Estate of Char L. Bowman, Deceased, Plaintiff-Appellant, v. MICHAEL D. OTTNEY, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-14-0215 |
| Filed<br>Rehearing denied | January 21, 2015<br>February 9, 2015 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The certified question presented to the appellate court pursuant to Supreme Court Rule 308 in a medical malpractice case was whether, in a case that had previously been voluntarily dismissed pursuant to section 2-1009 of the Code of Civil Procedure and then refiled, the trial court has the discretion to deny plaintiff's immediately filed motion for substitution of judge, brought pursuant to section 2-1001 of the Code, based on the fact that the court had made substantive rulings in the previously dismissed case, and the appellate court answered in the affirmative, since the courts strongly disfavor allowing "shopping" for a new judge after a party has determined the original judge's disposition toward the case, the trial court already has the discretion to deny a motion for substitution made to delay or avoid a trial, and in plaintiff's case, even though the coincidental reassignment of plaintiff's second case was to the original judge and no substantial rulings were made in the second case, the spirit and purpose of section 2-1001 could not be disregarded and attempts to circumvent the venue rule should not be condoned. |
| Decision Under Review | Appeal from the Circuit Court of Jefferson County, No. 13-L-41; the Hon. David K. Overstreet, Judge, presiding. |

| | |
|---|---|
| Judgment | Certified question answered in the affirmative. |
| Counsel on Appeal | John J. Hopkins, of John J. Hopkins & Associates, P.C., of Alton, for appellant. |
| | Brad A. Elward, of Heyl, Royster, Voelker & Allen, of Peoria, and Richard K. Hunsaker and Sara A. Ingram, both of Heyl, Royster, Voelker & Allen, of Edwardsville, for appellee. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. |
| | Justice Schwarm concurred in the judgment and opinion. |
| | Justice Stewart dissented, with opinion. |

**OPINION**

¶ 1     The underlying cause of action giving rise to this certified question on appeal is for money damages, alleging medical malpractice. The plaintiff, Connie Bowman, special administrator of the estate of Char L. Bowman, deceased, filed a complaint against Michael D. Ottney, D.O., and Core Physician Resources, P.C., under Jefferson County circuit court designation 09-L-28. Judge David K. Overstreet made substantive rulings in the case, such as in regard to the plaintiff's efforts to obtain materials and whether certain witnesses' opinions should be barred or limited. This court answers the certified question in the affirmative.

¶ 2     On March 27, 2013, the plaintiff moved to voluntarily dismiss the claim pursuant to section 2-1009 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1009 (West 2012)). On April 1, 2013, that motion was granted without prejudice as to all defendants.

¶ 3     On August 21, 2013, the plaintiff filed a new complaint under the designation 13-L-41, pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2012) (stating that a plaintiff who has voluntarily dismissed an action may commence a new action within one year)). The complaint alleged that "[t]his action was previously filed and voluntary dismissed on April 1, 2013," and asserted the same causes of action, but named only Ottney as a defendant. Coincidentally, the plaintiff's action was again assigned to Judge Overstreet. Prior to any rulings by Judge Overstreet, on September 3, 2013, the plaintiff filed a motion for substitution of judge pursuant to section 2-1001(a) of the Code (735 ILCS 5/2-1001(a) (West 2012)). The defendant filed an objection to the plaintiff's motion, noting that Judge Overstreet had made prior substantive rulings in the voluntarily dismissed action.

¶ 4     A hearing was held on January 21, 2014. The plaintiff asserted that because this case was a new action and her motion was properly made, her right to a substitution of judge is absolute. The defendant responded that several substantive rulings had been made in the dismissed case, giving the plaintiff an opportunity to "test the waters" as to the court's inclination toward her. Noting that a growing body of law expresses concern about voluntary dismissals in the face of dispositive motions, the defendant stated that the Third District had recently ruled that a trial

court may properly deny a motion for substitution of judge as of right where the plaintiff "tested the waters" in the voluntarily dismissed action.[1]

¶ 5    The court noted that prior Fifth District rulings indicated that substitution would be improper, but acknowledged that no direct authority existed where a new and distinct cause of action is the subject of the motion. The court found *Ramos* to be "honest and persuasive" and was concerned that to rule otherwise "would allow plaintiffs to make an end run behind *** the prior voluntary dismissal, and I think that [the ruling in *Ramos* is] consistent with *** [the] limited cases we do have in the Fifth District." In an order filed on February 27, 2014, the court denied the plaintiff's motion for substitution of judge.

¶ 6    This case comes before us pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). The circuit court certified the following question for our review: "In a case which had previously been voluntarily dismissed pursuant to 735 ILCS 5/2-1009 and then subsequently re-filed, does the trial court have discretion to deny a Plaintiff's immediately filed Motion for Substitution of Judge, brought pursuant to 735 ILCS 5/2-1001, based on the fact that the Court had made substantive rulings in the previously dismissed case?"

¶ 7    As a question certified by the circuit court to this court pursuant to Supreme Court Rule 308 must only involve a question of law, our review is *de novo*. *Tri-Power Resources, Inc. v. City of Carlyle*, 2012 IL App (5th) 110075, ¶ 9.

¶ 8    In conjunction with the relevant case law, we are asked to interpret section 2-1001(a) of the Code of Civil Procedure, which reads as follows:

   "§ 2-1001. Substitution of judge.

   (a) A substitution of judge in any civil action may be had in the following situations:

      ***

      (2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

         (i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

         (ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case ***." 735 ILCS 5/2-1001(a) (West 2012).

¶ 9    The plaintiff asserts that because case No. 13-L-41 is a new and distinct action from the voluntarily dismissed case No. 09-L-28, Judge Overstreet had no discretion to deny her motion for substitution of judge. Indeed, the law fully supports the plaintiff's assertion that her voluntary dismissal of case No. 09-L-28 terminated that action in its entirety and that the original and refiled cases are completely distinct actions. *Dubina v. Mesirow Realty Development, Inc*., 178 Ill. 2d 496, 503-04 (1997). Further, the plaintiff correctly notes that civil litigants in Illinois are entitled to one substitution of judge without cause as a matter of right, so long the motion is "timely presented" pursuant to the requirements of section 2-1001(a)(2)(ii) of the Code (735 ILCS 5/2-1001(a)(2)(ii) (West 2012)).

---

[1]We discuss this case, *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001, in our opinion below.

¶ 10    However, we cannot agree with the plaintiff that "the determining factor is whether or not the judge in question has made rulings of substance *in the existing case*." (Emphasis in original.) While the statute seemingly provides a bright-line rule regarding substitution, the defendant correctly points out that a "weight of appellate authority" in Illinois has concluded that even in the absence of a substantial ruling, a trial court may deny a motion for substitution as of right if the litigant has had an opportunity to "test the waters" and form an opinion as to the court's disposition toward his or her case. *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, ¶ 30.

¶ 11    The crux of the matter, then, is our court's historical application of this doctrine. Illinois courts have expressed varying concerns regarding the statutes' potential for abuse where a judge "tips his hand," thus providing a litigant the opportunity to "test the waters" as to the outcome of his case with that particular judge. Our supreme court has explicitly condemned the practice, noting the "serious [potential for] abuse of the venue act." *In re Marriage of Kozloff*, 101 Ill. 2d 526, 530-31 (1984) (reversing the appellate court ruling and holding that postdecree petitions do not constitute new actions, but merely continuations of the dissolution proceeding, and a substantive ruling on one petition will preclude a change of venue as of right on another). In support of its decision, the court noted the potentially problematic results if it accepted the appellate court's position:

> "[I]f after one change of venue on a particular petition the litigant is still unhappy, he could replace the second judge simply by voluntarily dismissing his petition and refiling a substantially similar petition and another motion for change of venue. The venue act's prohibition against more than one change of venue [citation] would be rendered meaningless since, under the appellate court rule, the second petition would constitute a new proceeding. [Citation.] Taken to its logical extreme, a resourceful litigant could repeat the process until he found a judge he considered sympathetic to his cause. Obviously, such maneuvering is anathematical to the efficient use of judicial resources." *Id.* at 531.

¶ 12    However, the Fourth District has held that the right to substitution "is absolute, and the trial court does not have discretion to consider whether the movant had an opportunity to 'test the waters.' " *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 933 (2002). Our sister court noted that the *Kozloff* court held only that postdecree petitions were not new proceedings and "did not hold, as a general matter, that the mere opportunity to form an opinion as to the judge's disposition toward a case barred the litigant from thereafter seeking a change of venue." *Schnepf*, 2013 IL App (4th) 121142, ¶ 36.[2]

¶ 13    However, the relevant Fifth District case law on point begs the opposite conclusion. We have favorably applied the "test the waters" doctrine, noting that "[a] party is not free to 'judge shop' until he finds a jurist who is favorably disposed to his cause of action." (Internal quotation marks omitted.) *City of Granite City v. House of Prayers, Inc.*, 333 Ill. App. 3d 452,

---

[2]The court noted that Public Act 87-949 amended section 2-1001(a)(2) to provide each party the right to one substitution without cause, which eliminated the requirement that a party provide a reason for seeking a substitution. See Pub. Act 87-949, § 1 (eff. Jan. 1, 1993). The *Schnepf* court strongly condemned the "test the waters" doctrine, noting that it was "rendered obsolete 20 years ago by introduction of the right to a substitution of judge without cause under the new version of section 2-1001(a)(2)." *Schnepf*, 2013 IL App (4th) 121142, ¶ 50.

461 (2002). A well-reasoned application of the doctrine was opined in *Niemerg v. Bonelli*, 344 Ill. App. 3d 459 (2003). In that case, this court held that like the postdecree divorce proceedings in *Kozloff*, a section 2-1401 proceeding (735 ILCS 5/2-1401 (West 2000)) is not a new cause of action for purposes of a section 2-1001(a)(2) motion. *Niemerg*, 344 Ill. App. 3d at 466. The appellants argued that since a section 2-1401 motion to vacate is a new action subject to the usual rules of civil procedure, and since section 2-1001(a)(2) allows a substitution of judge as a matter of right in a new action where no substantial ruling has been made, it follows that a party filing a section 2-1401 motion must be granted a substitution of judge, "provided that the trial judge has not ruled upon any substantial issue *in the section 2-1401 proceeding*." (Emphasis in original.) *Id.* at 464-65. Favorably citing to the rationale of *Kozloff*, we noted that while the appellants' argument appears logical, "it is clear to us that to allow a substitution of judge in a section 2-1401 proceeding would defeat the policy behind the rule requiring a motion for substitution to be presented before the judge has ruled on any substantial issue in the case: to preclude litigants from 'judge-shopping.' " *Id.* at 465.

¶ 14     The Third District, too, has explicitly found that courts may consider "all the circumstances surrounding the pretrial proceedings," and a motion for substitution of judge by right may be properly denied if the litigant had an opportunity to "test the waters." *In re Estate of Gay*, 353 Ill. App. 3d 341, 344 (2004). In *Gay*, the court held that even if no substantial rulings were made by the trial court, the motion was untimely because it was made after the appellant had an opportunity during pretrial conferences to form an opinion as to the judge's reaction. *Id.* The court recognized that this gave the appellant a "unique ability to determine the court's attitude concerning certain issues."[3] *Id.*

¶ 15     What our relevant precedent in the Fifth District has in common is that the courts were able to rule that the policy behind the rule defeats the seemingly bright-line language of the statute because the case at bar was not a new and distinct cause of action; thus, the motion could be declared untimely pursuant to the statute. See *Kozloff*, 101 Ill. 2d at 530-31; *Niemerg*, 344 Ill. App. 3d at 466; *In re D.M.*, 395 Ill. App. 3d 972, 976 (3d Dist. 2009) (noting that our courts have long held that a motion to substitute is untimely if it was filed after the judge has ruled on a substantive issue in the case).

¶ 16     However, in its recently reaffirmed adherence to the doctrine, the Third District Appellate Court held that even where a case is indeed a new action and not the "re-commencement" of the prior action, the motion for substitution was properly denied where the plaintiff had the opportunity to "test the waters." *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001. In *Ramos*, the plaintiff made two jury trial demands, which were stricken by the court as untimely; after the ruling, the plaintiff voluntarily dismissed the case. *Id.* ¶ 20. Six weeks later, the plaintiff filed another action, in which both counts alleged in the former case were again alleged in the latter. *Id.* ¶¶ 20-21. The plaintiff then sought a substitution of judge as of right before any ruling in the latter action, but the trial court denied the motion. *Id.* ¶ 21. The appellate court noted that, while there was no doubt that the latter case was a new and distinct

---

[3]We note that Justice McDade's concurring opinion sets forth well-reasoned concerns with the subjectivity and elusiveness of the "testing the waters" doctrine. See *Gay*, 353 Ill. App. 3d at 345 (McDade, J., specially concurring). McDade opines that while the majority's result was consistent with case law, "[i]t is a standard that can *** be easily manipulated by the parties" and appears to leave our courts "poised at the top of a slippery slope." *Id.*

action, the plaintiff had ample opportunity to "test the waters" in the previous action. *Id*. ¶¶ 86, 89. Conceding that it could not be sure whether the derisive language present in the *Kozloff* rationale was intended to extend to the present action, or if the critical factor in *Kozloff* was simply the fact that the latter action did not constitute a new action, the court concluded, "Our best guess is that the supreme court would not endorse the exercise of the right to voluntary dismissal as an end run around the prohibition against judge shopping." *Id*. ¶ 98.

¶ 17    Bearing the historical application of "testing the waters" in mind, we come to the facts before us. With guidance from our supreme court's rationale in *Kozloff*, we agree with the trial court that the Third District's analysis in *Ramos* is consistent with the relevant precedent in this appellate court. We therefore hold that a trial court has the discretion to deny a plaintiff's immediately filed motion for substitution of judge where the court had made substantive rulings in the previously dismissed case.

¶ 18    We are cognizant of the concerns inherent in this determination, as we cannot remain in established territory by finding that the current action is a recommencement of the previous action. We also remain mindful of the contradiction of these tenets before us: that the provisions of this statute are to be liberally construed and interpreted to effect rather than defeat the right of substitution (*Beahringer v. Hardee's Food Systems, Inc.*, 282 Ill. App. 3d 600, 601 (1996)), yet our courts strongly disfavor allowing a party to "shop" for a new judge after determining the original judge's disposition toward the case. *City of Granite City*, 333 Ill. App. 3d at 461. However, we find additional support for departing from the black-and-white parameters of section 2-1001(a)(2) in the existence of another, more well-established exception to this rule, in that a trial court already has the discretion to deny a motion for substitution of judge if such a motion was made simply to delay or avoid a trial. See *In re Marriage of Paclik*, 371 Ill. App. 3d 890, 896 (2007).

¶ 19    Like the Third District, we must simply read *Kozloff* in conjunction with our precedent in the Fifth District and glean what we may. While the plaintiff's action is indeed new and distinct from her previous action, the plaintiff admits to the nearly identical nature of the two actions in her complaint under the designation No. 13-L-41. It is also clear that substantial rulings were made in that previous action, affording the plaintiff her opportunity to "test the waters" with Judge Overstreet. Thus, even if no substantial rulings were made by the trial court in the plaintiff's second action, the motion may be considered untimely because it was made after the plaintiff had an opportunity to form an opinion as to Judge Overstreet's reaction to her cause of action. Frankly, the plaintiff's strategy was thwarted by chance; a purely coincidental reassignment to Judge Overstreet brings this matter to our attention today. We find that we cannot simply disregard the spirit and purpose of the statute, and we therefore choose to remain consistent in holding that our courts will not condone attempts to circumvent the venue rule.

¶ 20    Certified question answered in the affirmative.

¶ 21    JUSTICE STEWART, dissenting.

¶ 22    I respectfully dissent from the opinion of my distinguished colleagues.

¶ 23    The majority acknowledges that a refiled action after a voluntary dismissal "is an entirely new and separate action, not a reinstatement of the old action." *Dubina*, 178 Ill. 2d at 504. Further, the majority acknowledges that a litigant in a civil action is entitled to a substitution of

judge as a matter of right prior to a ruling on any substantial issue in the case, and that the circuit judge in this case had made no rulings in the refiled action. 735 ILCS 5/2-1001(a) (West 2012). Finally, the majority acknowledges that the statutory right to substitution of judge should be "liberally construed in order to effect rather than defeat the right of substitution." *Beahringer*, 282 Ill. App. 3d at 601. Nevertheless, the majority casts aside these principles and follows a Third District case in which the court expressly grounded its decision upon its "best guess" that the supreme court would approve denial of a motion for substitution under similar circumstances.

¶ 24    The primary basis for the majority's decision is its approval of the "test the waters" doctrine. In my view, the "test the waters" doctrine was thoroughly discredited and properly rejected by the Fourth District in its comprehensive and thoughtful opinion in *Schnepf v. Schnepf*, 2013 IL App (4th) 121142. There is a clear disagreement among the appellate districts on this issue, which should be determined by the supreme court.

¶ 25    In this case, all statutory prerequisites were met in the refiled action and the circuit judge had no discretion to deny the motion for substitution of judge. I would answer the certified question in the negative.