*In re* MARRIAGE OF DIANA CUMMINS, Petitioner-Appellant, and JOHN CUMMINS, Respondent-Appellee.

Second District    No. 81-313

Opinion filed May 4, 1982.

Robert A. Chapski and Jonathan L. Carbary, both of Elgin, for appellant.

William J. Foote, of Dreyer, Foote and Streit, of Aurora (Paul T. Patricoski, of counsel), for appellee.

. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether there is an absolute right to a change of venue upon the filing of any successive post-decree petition to modify support provisions of a decree of dissolution of marriage alleging changed conditions, is the question here involved.

The petitioner (wife) obtained a dissolution of marriage on November 14, 1980. The decree entered by Judge Weiler required the respondent (husband) to pay child support of $60 per week for each of the two minor children of the parties. The same judge entered an order on January 14, 1981, reducing the payment to $50 per week based on his finding that there had been a decrease in the husband's 1980 earnings. The wife remarried on January 30, 1981. On February 20, 1981, the husband filed a motion for a reduction of child support "based upon a change of financial circumstances," and asking the court to consider that the new husband was living in the marital home and paying some of the expenses thereof.

On February 26, 1981, the wife filed a motion for a change of venue from Judge Weiler alleging that he was prejudiced against her and also filed a motion to dismiss the petition for reduction.

On the same date, Judge Weiler, after a hearing, entered an order denying the wife's motion for a change of venue and continued the hearing on all pending matters to March 3, 1981, later scheduling the hearing for April 3, 1981.

On April 3, 1981, the wife filed a petition for rule to show cause and orally moved for a change of venue with regard to her petition. On the same day the court entered an order denying the motion for a venue change and denying the husband's petition for reduced child support because of his financial condition, but reserving the issue of reduction in child support and other relief based upon the wife's remarriage.

On the continued date for the hearing on all pending matters, April 7, 1981, the wife again filed a motion for change of venue for the petition for rule to show cause, alleging that Judge Weiler was prejudiced against her. On the same date the judge entered an order reducing child support payments to $37.50 per child per week because of the wife's changed financial condition resulting from her remarriage. The order also denied the wife's April 7 motion for change of venue, finding no showing of prejudice. The wife appeals from the orders of April 3 and April 7, contending that the trial judge improperly denied her motion for change of

venue and, alternatively, that he abused his discretion in reducing child support payments.

The venue act provides that as pertinent:

"501. *Causes for change of venue*

§1. A change of venue in any civil action may be had in the following situations:

\* \* \*

(2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because the inhabitants of the county are or the judge is prejudiced against him, or his attorney, or the adverse party has an undue influence over the minds of the inhabitants. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties.

\* \* \*

503. *Petition—Verification—Time for presentation*

§3. Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs thereafter, a petition for change of venue may be presented based upon such grounds." Ill. Rev. Stat. 1979, ch. 110, pars. 501, 503 (formerly ch. 146, pars. 1, 3).

■■ Particularly where prejudice on the part of the judge is alleged, these provisions are to be liberally construed in order to effect rather than defeat a change of venue. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 251.) The trial judge has no discretion as to whether the change will be granted if a proper and timely petition is filed and cannot inquire as to the truthfulness of the allegations of prejudice. (57 Ill. 2d 247, 251.) The motion need not specify the basis of the charge of prejudice; a general allegation of a suspicion of prejudice is sufficient. (*American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 128.) The motion is timely if filed before the hearing has begun or the judge has ruled on a substantive issue in the case. (*Templeton v. First National Bank* (1977), 47 Ill. App. 3d 443, 447.) Any order entered after an improper denial of a change of venue is void. *Sansonetti v. Archer Laundry, Inc.* (1976), 44 Ill. App. 3d 789, 798.

■■ Preliminarily, the husband argues that the wife has never appealed the February 26 order denying her motion for change of venue and that the orders of April 3 and 7 denied request for a change of venue only with

regard to her petition for rule to show cause. However, an order granting or denying a change of venue is not a final order and is not otherwise appealable. (*City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 428.) The wife therefore did not waive her right to a venue change by not appealing the nonappealable order of February 26. If she was entitled to a change of venue she was entitled to appeal from any appealable orders entered following an improper denial of her motion, including the order of April 7 granting the husband's petition for modification.

■■ The husband also argues that the wife waived any right to a change of venue by arguing her motion to dismiss, which was filed along with the motion for a change of venue, without insisting that her motion for a change of venue be heard first. However, the wife's motion for change of venue was filed before the trial court had made any ruling. The motion to dismiss and motion for change of venue were argued and disposed of essentially simultaneously. This is not a case where the wife attempted first to determine the judge's attitude towards the issues and then to remove him on the basis of a conclusion of prejudice. (See *Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 769. See also *Smith v. Smith* (1967), 87 Ill. App. 2d 21, 26.) We conclude that the wife has not waived her right to a change of venue based on this issue.

The husband's principal argument is that his petition for reduced child support was not a new trial or "action" under the venue act, but rather a continuation of the previous dissolution proceedings. Thus, he maintains that the wife must show actual prejudice to obtain a change of venue and, on her failure to do so, her motion was properly denied.

It has long been the rule in the appellate courts that a post-dissolution proceeding such as the husband's petition is a "suit or proceeding" under the venue act. (See *McPike v. McPike* (1882), 10 Ill. App. 332, 334.) In this district we have consistently followed *McPike* in holding that a trial judge has a nondiscretionary duty to grant a change of venue upon a timely and formally sufficient motion alleging the trial judge's prejudice, treating the post-dissolution proceedings as a new or independent action under the venue act. (*Jackson v. Jackson* (1938), 294 Ill. App. 508, 511-12; *Fox v. Coyne* (1960), 25 Ill. App. 2d 352, 362; *Gates v. Gates* (1963), 38 Ill. App. 2d 446, 448; *Smith v. Smith* (1967), 87 Ill. App. 2d 21, 25-27.) The same result has been consistently reached in the first district. *Des Chatelets v. Des Chatelets* (1937), 292 Ill. App. 357, 360-62; *Minster v. Minster* (1964), 53 Ill. App. 2d 428, 432; *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 365-66; *Rosenblum v. Murphy* (1976), 42 Ill. App. 3d 1029, 1032.

We do not find any contrary holding except for *In re Custody of Santos* (1981), 97 Ill. App. 3d 629. *Santos* rejects *McPike* and its progeny because they "rely on a false premise" and, further, are currently unde-

sirable for "procedural reasons and demographic reasons."[1] 97 Ill. App. 3d 629, 631.

We are not persuaded that the prior cases are falsely premised. They conclude that a petition to modify a divorce decree on questions of support or custody is a "new proceeding" as an action or suit supplemental to the prior decree in pursuit of a right given by statute, if there has been a change in circumstances warranting modification. (*McPike v. McPike* (1882), 10 Ill. App. 332, 334. See also *Smith v. Smith* (1967), 87 Ill. App. 2d 21, 26.) *Santos* reasons that such a petition is not a new proceeding but a mere "extension" of the same marital proceedings, as it involves redocketing of the original decree, and deals with the same parties and children. However, the petition for modification is not an action to set aside the earlier judgment and retry the earlier proceeding, but in fact recognizes the prior decree as final and *res judicata* on the facts then determined and requires proof of new facts arising after the prior adjudication. The earlier decree is recognized and given its proper effect, but is modified to meet new circumstances and the proceeding adjudicates new rights. These factors seem to us more significant than any procedural affinity with the earlier dissolution proceedings.

■■ Nor can we agree with *Santos* that the *McPike* rule allows "judge shopping" by permitting a "litigant who loses his point in a divorce decree to turn right around and file a post-decree proceeding before a new judge * * * so that a litigated matter can be relitigated *de novo*." (97 Ill. App. 3d 629, 631.) The original matter is *not* relitigated in a post-decree modification proceeding, and there is no trial *de novo*. The petition for modification, as indicated, recognizes and gives full effect to the earlier decree both as final and as *res judicata* of the facts then before that court; and the modification petition arises from a statutory claim of right based on new facts said to arise after the previous determination. Considerations of policy, therefore, appear not to justify abandoning the long-standing rule that a petition for modification of a dissolution decree based on changed circumstances is a separate proceeding under the venue act, entitling a party to a change of venue upon a formally sufficient request.

We therefore conclude that the trial court erred in denying the wife's petition for a change of venue. It follows that any action taken by the court after the denial of the motion was without legal effect. (See, *e.g.*, *Rosenblum v. Murphy* (1976), 42 Ill. App. 3d 1029, 1033.) We do not, therefore, reach the issue presented on the merits.

The order denying the change of venue is reversed, and the cause is remanded with directions to grant the change of venue, to vacate the

---

[1] It is noted that *Santos* was decided without an appellee's brief; that the appellate court found that the petition was not timely filed anyway; and thus the discussion of the issue before us appears there to have been dicta.

subsequent orders and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

UNVERZAGT and VAN DEUSEN, JJ., concur.