JIFFY LUBE INTERNATIONAL, INC., Plaintiff-Appellee, v. KRISHAN AGARWAL, Defendant-Appellant (Jeffrey M. Lipner, Defendant).

Second District No. 2—95—0718

Opinion filed February 1, 1996.

Robert E. Cleveland, of Chicago, for appellant.

Nancy G. Lischer, of Hinshaw & Culbertson, of Chicago, and William J. Ulrich, Jr., of Hinshaw & Culbertson, of Lisle, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Krishan Agarwal, appeals the orders of the circuit court of Du Page County which granted summary judgment in favor of plaintiff, Jiffy Lube International, Inc., and plaintiff's motion for attorney fees. Defendant, Jeffrey Lipner, did not appeal the trial court's orders. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

On June 25, 1990, defendant and Lipner (lessees) executed a lease with plaintiff which is the subject of the case at bar. Lessees agreed to pay rent in the sum of approximately $1,225 per month. The lessees failed to pay rent on the premises, and plaintiff filed an action for forcible entry and detainer. The action sought back rent and attorney fees.

On September 1, 1994, plaintiff filed a motion for summary judgment, alleging that the lessees had not paid any monies due and owing under the lease since November 1, 1991. The motion further alleged that the lease agreement obligated the defaulting party to pay all reasonable attorney fees incurred as a result of enforcing the provisions of the lease. Plaintiff requested relief in the amount of $53,320.57, reasonable attorney fees, and possession of the subject premises.

In support thereof, plaintiff attached several affidavits. The first such affidavit was from Lipner, which indicated that he had not made any payments pursuant to the lease agreement since December 31, 1990.

Plaintiff also attached an affidavit from Michael Lambert, one of plaintiff's employees. Mr. Lambert indicated that, as of November 1991, the subject premises had been abandoned by the lessees.

Plaintiff also attached an affidavit from Susan Strelkow, one of plaintiff's employees. She indicated that there was now due and owing the amount of $53,320.57 pursuant to the lease terms.

Defendant responded, arguing that plaintiff was not entitled to the relief it was seeking. Defendant further alleged that the lease was never executed by all the parties and, as such, was an "incomplete or inchoate document and cannot be the basis of a lawsuit." Defendant further attacked the sufficiency of the affidavits, alleging that they were not in compliance with Supreme Court Rule 191 (145 Ill. 2d R. 191). Defendant lastly alleged that the motion was defective in that it sought possession of the subject premises, relief which defendant argues was not requested in plaintiff's amended complaint. In support of defendant's argument, he attached a copy of Supreme Court Rule 191.

On October 6, 1994, Judge S. Louis Rathje granted plaintiff's motion for summary judgment and awarded plaintiff possession of the subject premises. Judge Rathje further awarded plaintiff damages in the amount of $53,320.57 and granted plaintiff 14 days in which to file a petition for fees.

On October 20, 1994, plaintiff filed a petition seeking attorney fees. Defendant moved to strike the petition on the grounds that (1) the law and the contract did not permit an award of attorney fees; and (2) plaintiff failed to submit itemized billing statements. Defendant filed a Rule 237 request to produce certain persons and documents prior to the hearing on the fee petition. 134 Ill. 2d R. 237. On December 1, 1994, defendant was presented those items in open court, and the hearing on the petition was continued to January 23, 1995. Judge Rathje was subsequently elevated to the appellate court, and Judge Richard A. Lucas was assigned the case prior to the January 23, 1995, hearing date.

On December 22, 1994, defendant filed a motion seeking Judge Lucas' recusal. The motion alleged that Judge Lucas was biased against defendant's counsel. There is no indication in the record that the motion was ever ruled upon. On February 27, 1995, defendant moved for a substitution of a judge for cause. In said motion, defendant alleged that his counsel had filed a complaint against Judge Lucas with the Judicial Inquiry Board in another action and that Judge Lucas was biased against defendant and his counsel. On March 6, 1995, Judge Lucas refused to allow a hearing on the petition, noting that it was not filed until February 27, 1995.

On May 22, 1995, Judge Lucas granted plaintiff's petition for attorney fees and awarded plaintiff fees and costs in the amount of $31,599.50. This appeal follows.

On appeal, defendant argues that Judge Rathje erred in granting summary judgment in favor of plaintiff. In support thereof, defendant contends that the relief which Judge Rathje granted was be-

yond that requested in the pleadings. Defendant further argues that the documents which Judge Rathje relied on in granting the motion for summary judgment were wrongfully obtained by plaintiff. Lastly, defendant argues that Judge Lucas erred in granting plaintiff attorney fees because Judge Lucas improperly denied defendant's motion for a substitution of judges for cause.

Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Leschinski v. Forest City Steel Erectors*, 243 Ill. App. 3d 124, 127 (1993); 735 ILCS 5/2—1005 (West 1994). In ruling on the motion, the court is required to construe all evidentiary material strictly against the movant and liberally in favor of the respondent. *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 908 (1994).

The propriety of an order granting summary judgment is a question of law, and, as such, we review such orders *de novo*. *Pagano*, 257 Ill. App. 3d at 909. If, after reviewing the pleadings and evidentiary material before the trial court, the reviewing court determines that a material issue of fact exists or that the summary judgment was based on an erroneous interpretation of the law, then reversal is warranted. *Pagano*, 257 Ill. App. 3d at 909.

■ Defendant attacks the sufficiency of the affidavits filed by plaintiff. Defendant first argues that plaintiff's use of Lipner's affidavit was a violation of the Illinois Code of Professional Conduct in that Lipner was a defendant in the case at bar. Defendant alleges that plaintiff obtained the affidavit without Lipner's attorney's knowledge or, in the alternative, that Lipner, his attorney, and plaintiff conspired to work against defendant.

Such an allegation contains no support in the record, nor does defendant cite to any relevant authority in support of his position. As such, we will treat this argument as waived due to defendant's failure to provide any citation to the record (*Lakeland Property Owners Ass'n v. Larson*, 121 Ill. App. 3d 805, 808-09 (1984)) or citation to any relevant legal authority (*Britt v. Federal Land Bank Ass'n*, 153 Ill. App. 3d 605, 608 (1987)).

■ Defendant further argues that the affidavits violated Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)) in that they failed to indicate that the affiants would competently testify as to the facts alleged therein. While such language is not necessary (see *Saghin v. Romash*, 122 Ill. App. 2d 473, 477 (1970)), a violation of Supreme Court Rule 191(a) does not by itself establish that the trial court erred in granting plaintiff's motion for summary judgment (*Consolidated*

*Freightways Corp. v. Peacock Engineering Co.*, 256 Ill. App. 3d 68, 72 (1993)). Defendant does not argue that there is a genuine issue of material fact which precluded the entry of summary judgment; thus, the only issue is whether defendant was liable as a matter of law. *Peacock*, 256 Ill. App. 3d at 72.

■ In the case at bar, there is no dispute that defendant had failed to pay rent as required by the lease. Such a failure to comply with the provisions of the lease constituted a default under the lease. The lease specifically provides that the unsuccessful party to an action brought to enforce the provisions of the lease would be responsible for the successful party's reasonable attorney fees and costs.

As such, Judge Rathje properly granted plaintiff's motion for summary judgment. Defendant argues, however, that the relief afforded by Judge Rathje was beyond that requested by the pleadings. Defendant alleges that the amended complaint never requested that plaintiff be awarded possession of the subject premises.

We disagree. Plaintiff's amended complaint specifically requested damages "and any other relief the Court deems appropriate." Further, plaintiff's motion for summary judgment specifically requested possession of the subject premises. As such, defendant's argument must fail.

Lastly, defendant argues that Judge Lucas' award of attorney fees was void in that Judge Lucas improperly denied defendant's motion for substitution of judges. Defendant argues that any order entered after an improper denial of such a motion is void. *Stoller v. Paul Revere Life Insurance Co.*, 163 Ill. App. 3d 438, 442 (1987). Thus, because his motion for substitution was filed on February 27, 1995, and ruled upon on March 6, 1995, defendant argues that Judge Lucas' order awarding attorney fees entered on May 22, 1995, was void.

■ Plaintiff raises the argument that we lack jurisdiction over the March order due to defendant's failure to designate the order in his notice of appeal. Illinois Supreme Court Rule 303(b)(2) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." 155 Ill. 2d R. 303(b)(2). A reviewing court generally does not have jurisdiction to review other orders not specified in the notice of appeal. *Sterne v. Forrest*, 145 Ill. App. 3d 268, 279 (1986). An unspecified order is reviewable only where it is a step in the "procedural progression" leading to the judgment specified in the notice of appeal. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979).

■ In the case at bar, in the event that defendant's motion for a substitution of judges was improperly denied, then all subsequent orders were void as well. See *Stoller*, 163 Ill. App. 3d at 442. Where an order has the possibility of rendering all subsequent orders void, then we find that such an order is a step in the "procedural progression" leading to the order specified in the notice of appeal. Thus, defendant's failure to designate that he was appealing from Judge Lucas' denial of his motion to substitute judges did not result in this court's loss of jurisdiction over that order.

Defendant filed a motion to substitute judges pursuant to section 2—1001(3) of the Code of Civil Procedure (735 ILCS 5/2—1001(3) (West 1994)). Section 2—1001(3) provides that each party shall be entitled to a substitution of judge for cause. 735 ILCS 5/2—1001(3)(i) (West 1994). Upon the filing of a petition for a substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition. 735 ILCS 5/2—1001(3)(iii) (West 1994).

The petition in the case at bar was heard and denied by Judge Lucas, the same judge from whom defendant sought the substitution. Such a procedure is not in compliance with the statute, which mandates that such a petition shall be heard by a judge other than the judge named in the petition. 735 ILCS 5/2—1001(3)(iii) (West 1994).

Plaintiff argues that defendant failed to file his motion for substitution at the earliest practical moment after the prejudice was discovered and, thus, the motion was properly denied as being untimely. See *In re Marriage of Kozloff*, 101 Ill. 2d 526, 532 (1984). Defendant first filed a motion seeking Judge Lucas' recusal from the case on December 22, 1994. Said motion was apparently never ruled upon. Defendant next filed a petition for substitution on February 27, 1995. At the time defendant filed the motion for substitution, Judge Lucas had yet to make any ruling on the case.

Based on these facts, we find that defendant's motion was timely, and the petition should have been heard by a judge other than Judge Lucas. As such, all orders entered subsequent to the March 6, 1995, order are void.

Therefore, the order of the circuit court of Du Page County which granted plaintiff's motion for summary judgment is affirmed. The order of the circuit court of Du Page County which awarded plaintiff attorney fees and costs in the amount of $31,599.50 is vacated. These proceedings are remanded for a hearing on plaintiff's motion for at-

728

torney fees, which motion should be heard before a judge other than Judge Lucas.

Affirmed in part, vacated in part, and remanded in part.

GEIGER and COLWELL, JJ., concur.