2020 IL App (1st) 191159-U

No. 1-19-1159

Order filed March 26, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 17 CH 5136 |
| KATHLEEN T. ZELLNER & ASSOCIATES, P.C.; | ) | |
| DOUGLAS JOHNSON; KATHLEEN ZELLNER; | ) | Honorable |
| NICHOLAS M. CURRAN; and FRANK A. RICHTER, | ) | John P. Callahan, Jr. |
| | ) | Melissa A. Durkin |
| Defendants-Appellees. | ) | Judges presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justice Lampkin concurred in the judgment.
Presiding Justice Gordon specially concurred.

**ORDER**

¶ 1    *Held*:  We dismiss plaintiff's appeal where the record failed to show that the circuit court ruled on his section 2-1401 petition for relief from judgment and thus, his multiple notices of appeal were not from any order or judgment of the circuit court to confer jurisdiction upon this court.

¶ 2     Plaintiff Durwyn Talley filed a section 2-1401 petition for relief from judgment, attacking the circuit court's dismissal for want of prosecution of a *pro se* legal malpractice complaint he had filed against the attorneys who represented him in criminal postconviction proceedings. Four months after Talley filed the petition, he filed multiple notices of appeal. Because the record fails to show that the circuit court ruled on Talley's petition, Talley has not appealed from an order or judgment of the circuit court to confer jurisdiction upon this court, and we must dismiss his appeal.

¶ 3                                I. BACKGROUND

¶ 4     In February 2008, Chicago police arrested Talley for allegedly robbing a Quiznos restaurant with a firearm. *People v. Talley*, 2011 IL App (1st) 093352-U, ¶¶ 4-7. As a result, the State charged him with armed robbery, being an armed habitual criminal, unlawful use of a weapon by a felon, aggravated unlawful use of a weapon and aggravated unlawful restraint. *Id.* ¶ 3. His case proceeded to a bench trial, where the trial court found him guilty of armed robbery, being an armed habitual criminal, unlawful use of a weapon by a felon and aggravated unlawful restraint. *Id.* ¶ 33. The court subsequently sentenced him to 34 years' imprisonment for the armed robbery and 6 years' imprisonment for being an armed habitual criminal, both to be served concurrently. *Id.* ¶ 36. His remaining convictions merged into his armed robbery conviction. *Id.* Talley unsuccessfully appealed his convictions based on numerous issues. See generally *id.*

¶ 5     Thereafter, Talley, with the assistance of the law firm Kathleen T. Zellner & Associates, P.C. and its attorneys, filed a postconviction petition, alleging in part that his trial counsel was ineffective for failing to ask the trial court to reconsider its pretrial ruling denying his motion to suppress where allegedly new evidence came to light during trial. *People v. Talley*, 2015 IL App (1st) 142340-U, ¶ 30. Talley's petition advanced to the second stage of proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)), where the circuit court

dismissed it upon the State's motion. *Talley*, 2015 IL App (1st) 142340-U, ¶ 31. Talley unsuccessfully appealed the circuit court's dismissal. *Id.* ¶ 39.

¶ 6    In April 2017, Talley, while still an inmate in the Illinois Department of Corrections, filed a *pro se* pleading titled "Declaratory Judgment and Breach of Fiduciary Duties Complaint" against Kathleen T. Zellner & Associates, P.C., Douglas Johnson, Kathleen Zellner, Nicholas M. Curran and Frank A. Richter (defendants), in essence alleging that they had committed legal malpractice in connection with their postconviction representation of him. Five months later, the circuit court dismissed Talley's lawsuit for want of prosecution.[1] In February 2018, Talley filed a document titled "Motion for a Copy of the Court's Order Dismissing the Above-Mentioned Complaint for Want of Prosecution," in which he alleged that he mailed a motion to reconsider the court's dismissal of his complaint. The circuit court construed his motion as one requesting the reinstatement of his case and continued the motion for a hearing the next month.

¶ 7    The following month, the circuit court issued a written order, observing Talley's difficulties in pursuing his lawsuit given his incarceration and noting that he had "a right to pursue his claims in a court of law." The court highlighted that "[l]egal malpractice [was] a complicated cause of action," and though it complimented Talley's writing abilities, the court stated it was "not convinced that [he] possess[ed] the skills required to prosecute his own case for legal malpractice." The court remarked that Talley's "right to file a *pro se* claim" had to be balanced against the "court's inherent authority to manage its own docket." Because of this, the court vacated its dismissal for want of prosecution, reinstated the case but ordered Talley to obtain counsel. The court observed that attorneys who represent legal malpractice plaintiffs "generally work on a

---

[1] This dismissal order was entered by Judge Thomas J. Lipscomb.

contingency fee basis," so Talley would not have to advance litigation costs or pay an attorney an hourly fee. The court added that, "[t]o obtain representation, Talley must convince a competent attorney that his case has merit." The court, however, cautioned Talley that, if he did not obtain counsel within three months, his case would be dismissed. On June 6, 2018, after Talley failed to obtain counsel, the circuit court again dismissed his lawsuit for want of prosecution.[2] There is no indication from the record that Talley filed a notice of appeal from the court's dismissal.

¶ 8    In February 2019, Talley filed a "Petition to Vacate Final Judgment Pursuant to Section 2-1401 – Relief from Judgment," arguing that the circuit court denied him due process by dismissing his lawsuit before defendants filed an answer, an extension of time to file an answer, or a motion to dismiss. Talley also highlighted that, under section 5-105(g) of the Code of Civil Procedure (Code) (735 ILCS 5/5-105(g) (West 2018)), the court could have appointed him *pro bono* counsel, but failed to do so. Along with his section 2-1401 petition, Talley filed a "Motion for Default Judgment," requesting that the circuit court grant his motion and award him the $25 million he asked for in his legal malpractice complaint. The law record indicated that Talley's petition and motion were scheduled for an April 25, 2019, court date.

¶ 9    On April 25, 2019, the circuit court entered a case management order stating: "Motion Stricken or Withdrawn from Call" without explanation.[3] The following months, Talley filed multiple notices of appeal. In one titled "Notice of Appeal" filed on May 24, 2019, Talley stated that, "on April 25, 2019, the court was suppose [*sic*] to hold a hearing" on his section 2-1401 petition, but he had "not received anything from the court regarding the status" of the petition. In another notice filed on June 10, 2019, Talley captioned the notice as a "Notice of Appeal from

---

[2] This dismissal order and the reinstatement order were entered by Judge John P. Callahan, Jr.

[3] This order was entered by Judge Melissa A. Durkin.

Dismissal or Denial" his of section 2-1401 petition. In the notice, Talley again noted the April 25 hearing, but asserted that he had "not received anything at all from the court on this matter." Talley further remarked he "assume[d] that [his] motion was denied" but did not know for sure because he had "yet to receive anything." In a third "Notice of Appeal," also dated June 10, 2019, Talley stated that "the court failed to send [him] anything regarding" the hearing of April 25, "so [he] file[d] his timely notice of appeal just in case the motion was denied." This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    Talley raises several contentions of error in connection with his legal malpractice lawsuit and related section 2-1401 proceedings. Section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) allows for petitions for relief from final orders and judgments filed more than 30 days after the entry of the order or judgment. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Although a section 2-1401 petition is not a continuation of the underlying proceedings, the petition must be filed in the same proceeding. 735 ILCS 5/2-1401(b) (West 2018). Because the petition starts a new proceeding, the initial petition procedurally is the same as a complaint. *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 207 (2010). And thus, the petition is "subject to all the rules of civil practice that that character implies." *Id.*

¶ 12    Despite the several contentions of error that Talley raises, defendants argue that we lack jurisdiction over his appeal because the circuit court never ruled on his section 2-1401 petition.

¶ 13    Under the Illinois Constitution, "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court" and "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, § 6. Consistent with the Illinois Constitution, Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that all final judgments from the circuit court in a civil case are appealable as of right and

various other Illinois Supreme Court Rules provide rights of appeal from other orders and judgments. See Ill. S. Ct. Rs. 304 (eff. Mar. 8, 2016); 306 (eff. Oct. 1, 2019); 307 (eff. Nov. 1, 2017); 308 (eff. Oct. 1, 2019).

¶ 14 Particular to Talley's appeal, Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016) provides that a litigant may appeal "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure" without a special finding from the circuit court. But here, the record does not show there was any order or judgment granting or denying Talley any relief prayed in his section 2-1401 petition. "The jurisdiction of the appellate court extends only to those matters in controversy that the trial court has ruled on." *Canel & Hale, Ltd. v. Tobin*, 304 Ill. App. 3d 906, 921 (1999). Although Talley points to the law record and asserts that the court "struck" his petition on April 25, 2019, the court's order from that date is included in the record on appeal. And the order from that date merely shows that Talley's petition was "stricken or withdrawn from [the court's] call" for unknown reasons. This order is not equivalent to the denial of a section 2-1401 petition. When there is no order or judgment disposing of a motion or petition, there is no jurisdiction for the appellate court to review the nonexistent disposition of the motion or petition. See *Deutsche Bank National Trust Co. v. Nichols*, 2013 IL App (1st) 120350, ¶ 16; *Village of Maywood v. Health, Inc.*, 104 Ill. App. 3d 948, 955-56 (1982). And when the appellate court lacks jurisdiction over an appeal, we must dismiss the appeal. See *Vines v. Village of Flossmoor*, 2017 IL App (1st) 163339, ¶ 8. Although we understand Talley's frustrations and desire to obtain a ruling on his section 2-1401 petition, we have no power to review a nonexistent disposition. Accordingly, we dismiss Talley's appeal.

¶ 15                                    III. CONCLUSION

¶ 16 For the foregoing reasons, we lack jurisdiction and dismiss Talley's appeal.

No. 1-19-1159

¶ 17    Appeal dismissed.

¶ 18    PRESIDING JUSTICE GORDON, specially concurring:

¶ 19    I agree with the majority decision in this case, but I must write separately because the plaintiff is incarcerated, is not a lawyer, and does not understand that he must file a notice of motion with the clerk of the circuit court to set the hearing on the motion and in addition request the trial court in writing to rule on his 2-1401 petition without him being present or his case will always be in limbo or dismissed for want of prosecution by the trial court. Normally when the movant is not present in court, the motion will be stricken by the court. As a result, it is incumbent that plaintiff send a letter to the judge explaining that he is incarcerated and unable to attend and request the court to rule on the motion without plaintiff's presence and to notify him of the results. It is virtually impossible to handle a case by mail because personal appearances are required and without the help of a lawyer, the plaintiff has an impossible task.